## WHITING a. PUTNAM.

*New York Common Pleas; At Chambers, July,* 1863.

NEW YORK DISTRICT COURTS.—IRREGULARITIES.—EXECUTION.

Where a judgment is recovered in a District Court of New York, and docketed so as to become a judgment of the Common Pleas, an execution against the person issued upon it, will not be set aside on the ground that the action was commenced by summons instead of by warrant, nor on the ground of irregularities in the service or method of obtaining the judgment. The remedy is by appeal.

Motion to set aside execution against the person.

This action was brought by Winslow L. Whiting against Willard G. Putnam and George S. Gardner, in the First District Court of New York city, to recover $68.98, the price of a lot of butter, lard, and flour sold to the defendants. The complaint set out also facts tending to show that the defendants had been guilty of a fraud in contracting the debt. Gardner alone was served with summons. The other facts appear in the opinion.

An execution against Gardner's person was issued, under which he was arrested. He now moved to set aside this execution, upon affidavits exculpating him from the charge of fraud, and showing that the summons was not served by a marshal nor by a person duly deputized.

*Sickles & Cushing,* for the motion.

*Anthony R. Dyett,* opposed.—I. The District Courts have jurisdiction of actions for fraud in the purchase of personal property. (*Code,* § 53; *Laws of* 1857, 707, ch. 344.)

II. Actions on the case for fraud or deceit in the purchase of personal property are "*ex delicto*." (*Yates' Forms,* 398.)

III. The court will not regard mere irregularities in the method of obtaining judgment; defendants' remedy is by appeal.

IV. The execution is not issued from the District Court; it is from this court, a transcript having been filed, and is regular. (Ginochio *a*. Figari, 2 *Abbotts' Pr.*, 185.)

BRADY, J.—By the 16th section of the act of 1857,—to reduce the several acts relating to the District Courts in the city of New York into one act,—a defendant in an action commenced in one of those courts may be arrested by warrant where he has been guilty of a fraud in contracting the debt or incurring the obligation for which the action is brought; and, by section 50 of the same act, when a judgment is rendered in a case where the defendant is subject to arrest and imprisonment thereon, it must be so stated in the judgment, and entered in the docket. In this case, the defendant Gardner was not arrested by warrant, but allegations were made in the complaint that the debt was fraudulently contracted by reason of certain representations made by him, and that the plaintiff was ready to prove the fraud charged. The justice having found in favor of the plaintiff, stated in the judgment, " Defendant liable to arrest and imprisonment;" and upon the docket is entered these words, " Judgment for plaintiff, $70.02 ; $12,57 extra costs, against both parties ; defendant Gardner liable to arrest."

The defendants were sued as partners, but the process was served upon the defendant Gardner only. Whether the allegations of fraud were proved, or not, does not appear. We are to presume, however, that they were proved, inasmuch as the justice has found them to be true by his finding that the defendant Gardner was liable to arrest. If it were otherwise, the defendant should have appealed, and reversed that judgment. We cannot reverse the judgment in effect by discharging the defendant from arrest under the execution. Whether the allegations of fraud were necessary in the complaint is not a question to be considered on this motion,—the justice having found that the defendant was liable to arrest and imprisonment.

It may have been upon the complaint or upon other testimony ; but having so adjudged, as before stated, we cannot on a motion like this subvert the judgment. The defendant not having appealed, has acquiesced in the judgment, and must take the consequences. Such is my view of this question. The same answer must be given to the alleged irregularity in

the service of the summons. We cannot set aside such a judgment for irregularity, nor can we do so upon the ground that the court had not jurisdiction, unless such an objection was taken at the trial, and then only on appeal.

The process against the person of the defendant Gardner was authorized, therefore, by the record, and cannot be set aside. I think, however, that the questions presented on this motion being novel, no costs should be awarded against the defendant.

---

### LITCH a. BROTHERSON.

*Supreme Court, Third District; General Term, May,* 1862.

REFERENCE.—LIMITED TIME TO REPORT.

The act of 1862,—requiring referees' reports to be made in sixty days,—applies to the case of references ordered previously.

Before making his report, a referee has power to allow a reargument, even after he has made up his mind.

A referee having, after submission of the cause, informed one party that he had decided it, and on receipt of his fees would deliver his report, subsequently ordered a reargument on the application of the other party. *Held,* that a report subsequently delivered, but dated before the time of the reargument, could not be sustained as having been made and delivered within sixty days of the original submission.[*]

---

[*] In COOLEY a. HUNTINGTON (*Supreme Ct., First District; Special Term, February,* 1860), it was *Held,* that the court will not interfere with the referee's discretion as to adjournments.

In December, 1858, the issues in this action were referred to Hon. Wm. Kent, referee.

When the cause came before him, an application was made by the plaintiff's counsel for a postponement, on account of the plaintiff's absence in Europe; the plaintiff being, it was alleged, a necessary witness on his own behalf, and having certain papers essential to his case in his keeping. The referee accordingly adjourned the cause to February 1, 1860. At that date the plaintiff's counsel made a motion for a further postponement, on the same grounds as before, plaintiff not having yet returned from Europe.

This motion was opposed, on the ground that defendant was an equally necessary witness in his own behalf, and was on the eve of departure for Europe, his passage being engaged for March 1, and on the ground that all reasonable time